UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA F. JONES,

    Plaintiff,

v.                                                                                  Case No. 05-72513

KROGER CO. and ANDREW                                    HONORABLE AVERN COHN
GERBEN, jointly and severally,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

### I.  Introduction

This is an employment discrimination case.  Plaintiff Angela F. Jones is suing her former employer, Kroger Company and supervisor, Andrew Gerben, claiming violations of Michigan's Elliot-Larsen Civil Rights Act, M.C.L.A. § 37.2101, et seq., Michigan common law, and intentional infliction of emotional distress.  Briefly, Jones claims she was subjected to sex discrimination, sexual harassment, race discrimination and harassment, retaliation, and assault and battery.  Jones filed suit in Wayne County Circuit Court.  Following Jones' deposition, defendants removed the case to federal court on the grounds of diversity jurisdiction, asserting that Gerben was fraudulently joined to avoid diversity jurisdiction.

Before the Court is Jones' motion to remand.  For the reasons that follow, the motion is DENIED.

### II.  Background

Jones was employed by Kroger in August 1997 as a produce worker.  She most

recently worked as an Assistant Customer Service Manager/Cashier. Jones claims that she was sexually and racially harassed throughout the course of her employment by Kroger employees and her supervisor, Gerben, with Kroger's knowledge. Jones was terminated from her employment on October 25, 2002 apparently for violating check cashing procedures.

On September 14, 2004, Jones filed a complaint in state court against defendants, making the following claims: (1) sex discrimination and harassment, (2) racial discrimination and harassment, (3) retaliation, (4) assault and battery - against Gerben, (5) intentional infliction of emotional distress.

Jones and Gerben are citizens of Michigan. Kroger is a foreign corporation incorporated in Ohio and with a principle place of business in Ohio.

During the course of discovery, and specifically during Jones' deposition on May 26, 2005, defendants say that they learned that Jones' claims against Gerben were not colorable. Accordingly, on June 24, 2005, defendants removed the case to federal court on the grounds of diversity jurisdiction and asserting that Gerben was fraudulently joined.

On July 22, 2005, Jones filed a challenge to the notice of removal, asserting that diversity is lacking and that Gerben is properly joined as she has a colorable claim against him. Defendants filed a response to Jones' challenge on August 5, 2005.

The Court held a status conference on August 30, 2005 at which it directed Jones to file the instant a motion to remand.

### III. Analysis

#### A. Legal Standard

In determining whether a motion to remand is proper, the Court must first

determine whether the action was properly removed.  Removal statutes are strictly construed and the party seeking removal bears the burden of establishing its right thereto.  Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 330 (6th Cir. 1989); Wilson v. United States Dept. of Agriculture, 584 F.2d 137, 142 (6th Cir. 1978).

Defendants removed under to § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441(a). Defendants say that the Court is vested with diversity jurisdiction under 28 U.S.C. § 1332.[1]  Where an action is removed based upon diversity jurisdiction, complete diversity of citizenship between the plaintiff and defendants must exist at the time of removal. Conye v. American Tobacco Co., 183 F.3d 488, 492 (6th Cir. 1999).  "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the others side of the litigation."  Boladian v. UMG Recordings, Inc., 123 Fed. Appx. 165, 167 (6th Cir. 2005) (quoting SHR Ltd. Partnership v. Braun, 888 F.2d 455, 456 (6th Cir. 1989)).  However, fraudulent joinder of a non-diverse defendant will not defeat removal based upon diversity jurisdiction.  Id., 123 Fed. Appx. at 167; Terry v. Jackson, 19 Fed. Appx. 377, 378 (6th Cir. 2001).

Where the removing party alleges fraudulent joinder, as here, that party bears the burden of demonstrating fraudulent joinder.  Alexander v. Elec. Data Sys. Corp., 13

---

[1] Section 1332(a) reads in pertinent part:
The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; ...
28 U.S.C. § 1332.

3

F.3d 940, 949 (6th Cir.1994). The doctrine of fraudulent joinder applies in the following three situations: (1) when there is no colorable basis for a claim against the non-diverse defendant, (2) when a plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendant). Salisbury v. Purdue Pharma, L.P., 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001) (citing Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904 (6th Cir. 1999)). The Sixth Circuit has stated:

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.... One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

Alexander, 13 F.3d at 949 (quoting Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968)). Accordingly, " 'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," or, in other words, "whether there [i]s any 'reasonable basis for predicting that [the plaintiff] could prevail." ' Id. (quoting Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir.1979)).

Importantly, because fraudulent joinder is a jurisdictional inquiry, the Court "is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.' " Graphic Resources Group, Inc. v. Honeybaked ham Co., 51 F. Supp. 2d 822, 224-25 (E.D. Mich. 1999) (quoting Brantley v. Vaughan, 835 F. Supp. 258, 261 (D.S.C. 1993) and Marshall v. Manville Sales Corp., 6 F.3d 229 (4th Cir. 1993)); see also Fed. R. Civ. Proc. 21.

B. Application

Here, the complete diversity required by 28 U.S.C. § 1332 turns on whether Jones fraudulently joined Gerben, a non-diverse defendant. As noted above, the Court must determine whether Jones "had at least a colorable cause of action against Gerben.

Defendants contend that based on Jones' deposition testimony,[2] Gerben is not a proper defendant in this action because she cannot make out any of her asserted claims against him. Defendants' motion reads like a summary judgment motion, with recitation of the appropriate legal standards for Jones' sex and race discrimination claims, her retaliation claim, and her assault and battery claim as well as application of those standards to Jones' deposition testimony. Jones' entire argument in support of her motion to remand reads in relevant part:

> Plaintiff's claims against Kroger Co. revolve around the discriminatory behavior she was subject to while working under the supervision of Defendant Andrew Gerben. Plaintiff has further testified that are [sic] several witnesses that can attest to Mr. Gerben's discriminatory conduct towards female employee. [sic] (Defendants' Brief, Exhibit A, p. 146) Plaintiff specifically testified that other female employees made complaints of a similar nature about Mr. Gerben (Defendants' Brief, Exhibit A, p. 149) A notice of removal does not address the merits of the underlying claim, thus removal on the grounds set forth in Defendants' Brief is not proper.
> Plaintiff's Complaint identified specific claims against Defendant Andrew Gerben that she has testified to in regards to this cause of action. Defendant Gerben is a resident of this state; therefore, complete diversity does not exist and there are no proper grounds for removal.

Jones' brief at p. 4. Jones did not file a reply.

Jones' motion is inadequate. First of all, while defendants' notice of removal may

---

[2]Defendants submitted Jones' entire 153 page deposition testimony. The testimony was not highlighted and was in miniscript form, making it difficult to read. The better course, particularly in the era of electronic filing, would have been for defendant to have filed only the relevant portions of the deposition, appropriately highlighted.

5

not have discussed the merits of her claims against Jones (arguably it did), defendants' response to the motion to remand certainly address the merits of her claims against Gerben.  Jones, however, cites only two pages from her deposition testimony in which she states that others complained about Gerben's conduct, which she describes as "hollering" at other employees and that other employees made complaints against him.  She does not describe the nature of those complaints, much less explain how complaints from others and Gerben's actions towards others relate to her claims.  While she says her complaint identifies specific claims against Gerben, she has failed to identify them in her remand papers.  The complaint in fact is generic and does not clearly articulate allegations against Gerben.  Indeed, the only allegation in the complaint against Gerben is the allegation that he threw a pen at her, which forms the basis for her assault and battery claim.  However, Jones testified at deposition that Gerben did not throw anything at her.  Defendant's Exhibit A, Jones dep. at p. 51.

Overall, as explained in defendants' papers, Jones has not made out a colorable claim against Gerben, as clearly demonstrated by her deposition testimony.  As such, Gerben is not a proper defendant and is DISMISSED.  With this dismissal, diversity jurisdiction exists.

SO ORDERED.


Dated:  October 17, 2005             s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

                                     s/Julie Owens
                                     Case Manager, (313) 234-5160

6