UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANGELA F. JONES,

    Plaintiff,

v.                                                             Case No. 05-72513

KROGER CO.,                                   HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT[1]**

I. Introduction

This is an employment discrimination case. Plaintiff Angela F. Jones is suing her former employer, Kroger Company (Kroger) claiming violations of Michigan's Elliot-Larsen Civil Rights Act, M.C.L.A. § 37.2101, et seq., Michigan common law, and intentional infliction of emotional distress. Jones specifically claims: (1) sex discrimination and harassment, (2) race discrimination and harassment, (3) retaliation, (4) assault and battery, and (5) intentional infliction of emotional distress.

Before the Court is Kroger's motion for summary judgment. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

II. Background

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

The material facts as gleaned from the parties' papers follow.[2]

## II. Background

Jones began employment with Kroger in August 1997 as a produce worker. She most recently worked as an Assistant Customer Service Manager/Cashier. Jones claims that she was sexually and racially harassed throughout the course of her employment by Kroger employees and her supervisor, Andrew Gerben (Gerben), with Kroger's knowledge. Jones was terminated from her employment on October 25, 2002 for violating check cashing procedures. Specifically, she wrote three insufficient funds checks to Kroger.

Initially, on September 14, 2004, Jones filed her complaint in state court. Following Gerben's deposition, defendants removed the case to federal court on the grounds of diversity jurisdiction, arguing that Gerben was fraudulently joined to avoid diversity. Jones filed a motion to remand. The Court denied the motion, finding that Jones failed to establish a colorable claim against Gerben. See Memorandum and Order Denying Plaintiff's Motion to Remand, filed October 17, 2006.

Kroger then filed the instant motion.

## III. Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. There is no genuine issue of

---

[2]Kroger complied with the Court's motion practice guidelines for a motion for summary judgment. Jones did not. Significantly, Jones did not file a counter-statement of disputed facts.

material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the

moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

### IV.  Analysis

#### A.  Initial Matters

Kroger first argues that Jones' complaint should be dismissed on collateral estoppel grounds.  Kroger says that in light of the Court's determination that she did not make out a colorable claim against Gerben, her claims against Kroger must fail.  The Court declines to address this argument and prefers instead to consider Jones' claims on the merits.

As noted above, Jones makes five claims against Kroger.  In her response to Kroger's motion,[3] however, she only discusses her sex discrimination/harassment claim.  She provides no argument on her race discrimination, retaliation, assault and battery, and intentional infliction of emotional distress claim.  As such, she has failed to meet her summary judgment burden as to these claims and they are dismissed for that reason as well as for the reasons stated in Kroger's papers.

#### B.  Sexual Harassment

[T]o establish a prima facie case of hostile work environment, a plaintiff must prove: (1) the employee belonged to a protected group; (2) the employee was subjected to communication or conduct on the basis of the protected status; (3) the employee was subjected to unwelcome conduct or communication on the basis of the protected status;

---

[3]Kroger also says that Jones' response was untimely and in violation of the formatting and content requirements of E.D. Mich. LR 7.1 as well as the Court's motion practice guidelines.  Be that as it may, the Court will consider the response.

(4) the unwelcome conduct or communication was intended to, or in fact did, interfere substantially with the employee's employment or created an intimidating, hostile, or offensive work environment; and (5) respondeat superior.  Downey v. Charlevoix Rd Comm'rs, 227 Mich. App 621, 629 (1998).

"Sexual harassment" is defined in M.C.L. § 37.2103(I) as:

[U]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

* * *

(ii) Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.
(iii) The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

Jones must therefore allege facts showing that she was subjected to "unwelcome sexual advances," "requests for sexual favors," or "conduct or communication of a sexual nature" before she can establish actionable sexual harassment under a hostile work environment theory or a quid pro quo theory.  See Corley v. Detroit Board of Education, 470 Mich. 274, 278-79 (2004).

Kroger says this claim fails based on Jones' deposition testimony.  The Court agrees.  Jones specifically testified that (1) no one at Kroger subjected her to unwelcome sexual advances, (2) no one at Kroger requested a sexual favor from her, (3) no one at Kroger directed any conduct or communicated to her anything she thought was sexual in nature, and (4) that no one at Kroger sexually harassed her.  See Jones' dep. at p. 47-48.  In response, Jones does not address her deposition testimony and

instead points to other Kroger employees, attaching their deposition testimony and other documents to support her claim of sexual harassment.[4]  Jones' deposition testimony is unequivocal and establishes that there is no genuine issue of material fact as to whether she was sexually harassed.  Kroger is entitled to summary judgment on this claim.

### C.  Sex Discrimination

Absent direct evidence of discrimination, Jones may establish a prima facie case of employment discrimination based on sex by showing (1) that she was a member of a protected class, (2) that an adverse employment action was taken against her, (3) that she was qualified for the position, and (4) that she was replaced by one who was not a member of the protected class.  Smith v. Goodwill Industries, 243 Mich. App 438, 447 (2000).  The "essence of a sex discrimination civil rights suit is that similarly situated people have been treated differently because of their sex."  Radtke v. Everett, 442 Mich. 368, 379, 501 N.W.2d 155 (1993) (citation omitted).  At deposition, Jones described what she says establishes her claim for sex discrimination.  She testified that Gerben hollered at her, but she never saw him holler at men, and that Gerben would throw things at women, but she never saw him throw things at men.  However, she also testified that she could not recall when such acts occurred or whether they occurred within three years of filing her complaint.  She also testified that none of these examples resulted in her losing pay or benefits or otherwise resulted in any adverse actions

---

[4]Kroger says that the documents attached to Jones' response were not produced during discovery and notes that Jones has conducted no discovery in the five months since the Court dismissed Gerben from the case.  Kroger also says that Jones engaged in no discovery during the nine months the case was in state court.

against her.

Again, in her response, Jones discusses complaints by other Kroger employees and fails to address Kroger's arguments or her deposition testimony. Based on the record, Kroger is entitled to summary judgment on her claim of sex discrimination.

SO ORDERED.


Dated:  May 30, 2006                              s/Avern Cohn
                                                     AVERN COHN
                                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2006, by electronic and/or ordinary mail.

                                                     s/Julie Owens
                                                     Case Manager
                                                     (313) 234-5160